IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONADUS L. EPHRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-00088-WDS |
| | ) | |
| BOND COUNTY HOUSING AUTHORITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**STIEHL, District Judge:**

Before the Court are pro se plaintiff Leonadus L. Ephron's motions for leave to proceed *in forma pauperis* (Doc. 2), service of process at government expense (Doc. 4), and appointment of counsel (Doc. 3). Plaintiff alleges that he was denied employment by defendant Bond County Housing Authority based on his race, in violation of Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1981.

Regarding the motion for leave to proceed *in forma pauperis*, a federal court may authorize the commencement of a civil case without the prepayment of fees or security if the plaintiff submits an affidavit that includes a statement of all assets he possesses and showing that he is unable to pay the fees or security. 28 U.S.C. § 1915(a)(1). "The privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting the purpose of § 1915 is to "ensure that indigent litigants have meaningful access to the federal courts"). The court must determine whether the plaintiff could pay the fees

and still be able to provide himself and his dependents "'with the necessities of life.'" *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The court is required to dismiss the case, however, if it determines that the plaintiff's allegation of poverty is untrue; or if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. § 1915(e)(2); *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

For the following reasons, the Court does not find that plaintiff is unable to pay the fees or security to commence this case. His affidavit states that he earns $500 per week, about $26,000 per year, doing handyman work. He has $300 in cash. His rent is $400 per month, utilities are $185 per month, and transportation costs are $200 per month. Plaintiff contributes about $400 per month in support of two individuals who share his last name. The Court assumes they are family members. He does not say whether they live with him. Finally, he owes $20,000 for child-support payments, though he does not say to whom that is payable or how much he pays per month.

District courts sometimes use the federal poverty guideline in considering whether to allow a civil plaintiff to proceed without payment of fees. *See, e.g.*, *Hernandez v. Dart*, 635 F.Supp.2d 798, 805 (N.D. Ill. 2009). Plaintiff's annual income of about $26,000 is well above $19,530, which is the federal poverty guideline for a three-person household.[1] *See* Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5,182, 5183 (Jan. 24, 2013). Moreover, plaintiff's income per month is about $2,000, and his total costs each month are about $1,185, leaving him $815 for food, clothing, and any other expenses. Noting that the cost of filing a civil case is $350, *see* 28 U.S.C. § 1914, the Court does **NOT FIND** that plaintiff would remain without legal remedy if he is not permitted to proceed *in forma pauperis*.

---

[1] This assumes the two individuals he is supporting live with him.

The Court must also decide whether plaintiff fails to state a claim on which relief may be granted. To state a claim, a plaintiff need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race, 42 U.S.C. § 2000e, *et seq*. And, as to Title VII claims, the Seventh Circuit maintains that the pleading standard is minimal. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007) ("[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim.").

Here, plaintiff alleges that he has applied for employment with defendant several times. Each time defendant's chairman, Dan Sidwell, overlooks plaintiff's application and hires white males, whether they have an application on file or have previous work experience related to the open position. Sidwell has made racial remarks in the past about blacks, including using the word "nigger." Plaintiff submitted his most recent application on September 28, 2011, but Sidwell hired Joe Porchat, a white male, who did not have an application on file. Sidwell also gave Porchat two weeks to pass a drug screen and permitted him to work during the two weeks. Porchat failed the drug test when it was administered. No blacks work for defendant. At this stage in the proceedings, the Court does **NOT FIND** that plaintiff fails to state a claim that is plausible on its face.

Further, there is not evidence that this action is frivolous or malicious, or that defendant is immune to monetary relief. Plaintiff's complaint therefore passes threshold review under § 1915(e)(2).

Plaintiff also moves for service of process at government expense. "[T]he court may order that service be made by United States marshal … or by a person specially appointed by the court. The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 … ." Fed. R. Civ. P. 4(c)(3) (emphasis added). Since plaintiff has not been authorized to proceed *in forma paueris*, the Court is not required to order service, and plaintiff's motion will be denied. Plaintiff can avoid the costs of formal service by requesting a waiver from defendant. So, the Clerk of Court is **DIRECTED** to send plaintiff Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons and Form 6 (Waiver of Service of Summons) with a copy of this Order.

Plaintiff also moves for appointment of counsel. His motion states that he is a high-school graduate, and he attaches letters from two attorneys who declined to represent him in this matter. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *E.g.*, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Under § 1915(e)(1), "[a] court may request an attorney to represent any person unable to afford counsel." The decision whether to request a *pro bono* attorney is "left to the district court's discretion." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The court's discretion is to be guided by the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654; *accord Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). The Court **FINDS** that plaintiff's motion should be denied at this time. Plaintiff has not yet made a reasonable attempt to obtain counsel or been precluded from doing so; he has only

4

contacted two attorneys. And, at this stage, plaintiff has adequately stated his claim. He is given leave to file a new motion at a later time.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 2), service of process at government expense (Doc. 4), and appointment of counsel (Doc. 3) are **DENIED**. Plaintiff must pay the applicable filing fee **within 30 days** of the date of this Order or risk dismissal of his case for failure to prosecute.

Plaintiff is **ADVISED** that because he is proceeding pro se, he is under a continuing obligation to keep the Clerk of Court and the defendant informed of any change in his address. The Court will not independently investigate his whereabouts. A notice of change of address must be filed within seven days of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATED: March 1, 2013**

                                                     /s/ WILLIAM D. STIEHL
                                                       **DISTRICT JUDGE**